Filed 6/15/26  P. v. Barela CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ARMANDO JAMES BARELA,<br><br>    Defendant and Appellant. | 2d Crim. No. B345004<br>(Super. Ct. No. KA081140)<br>(Los Angeles County) |

Armando James Barela appeals from the judgment following his resentencing pursuant to Penal Code section 1172.75.[1]  We appointed counsel to represent appellant on appeal. After an examination of the record, counsel filed an opening brief raising no issues and requesting that we follow the procedures set forth in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).  Appellant filed a supplemental brief raising no arguable issues.  We affirm.

---

[1] All further statutory references are to the Penal Code.

*Procedural Background[2]*

In 2008, a jury found appellant guilty of second degree murder (§ 187, subd. (a), count 1) and possession of a firearm by a felon (former § 12021, subd. (a)(1), now § 29800, subd. (a)(1), count 2). The jury also found true several firearm enhancement allegations, including that appellant personally and intentionally discharged a firearm, which proximately caused the death of the victim. (§ 12022.53, subd. (d).) In a separate proceeding, the trial court found the alleged serious felony and strike true and that appellant served two prior prison terms.

The trial court sentenced appellant to an aggregate term of 61 years to life, comprised of 30 years to life for second degree murder (15 years to life doubled pursuant to the Three Strikes law), a consecutive 25 years to life for the section 12022.53, subdivision (d) finding, a consecutive five years for the serious felony enhancement (case no. FRE04750), and a consecutive one-year prior prison term enhancement. It imposed a four-year concurrent sentence for appellant's conviction of possession of a firearm by a felon. The trial court then stayed a prior prison term enhancement pursuant to section 654 for the conviction in case no. FRE04750.

We affirmed the judgment but ordered the one-year prior prison term enhancement for case no. FRE04750 stricken. (*Barela*, *supra*, B212882.)

---

[2] A recitation of the facts can be found in our prior opinion *People v. Barela* (Mar. 25, 2010, B212882) [nonpub. opn.] (*Barela*).

2

*Resentencing Proceedings*

In March 2025, the trial court conducted a full resentencing hearing pursuant to section 1172.75. After briefing and argument, the trial court denied appellant's *Romero*[3] motion as to count 1 but granted it as to count 2. It struck the remaining one-year prior prison term enhancement and the five-year serious felony enhancement, but declined to strike the section 12022.53, subdivision (d) firearm enhancement.

The trial court resentenced appellant to an aggregate term of 55 years to life, comprised of 30 years to life for second degree murder (15 years to life doubled pursuant to the Three Strikes law) with a consecutive 25 years to life for the section 12022.53, subdivision (d) enhancement.[4] As to count 2, the trial court imposed the midterm sentence of two years but stayed that term pursuant to section 654.

The trial court ordered appellant to pay victim restitution in the amount of $6,134.53 plus interest, as was previously ordered, and struck all other fines and fees.

*Discussion*

Where, as here, appointed counsel finds no arguable issues in an appeal that is not from the first appeal after conviction, appellant is not entitled to our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, or its federal constitutional counterpart, *Anders v. California* (1967) 386 U.S. 738. (*Delgadillo, supra,* 14 Cal.5th at p. 226.) He is, however,

---

[3] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

[4] The trial court stayed the remaining firearm enhancements (§ 12022.53, subds. (b), (c)), pursuant to section 654.

3

entitled to appellate consideration of any contentions raised in his supplemental brief.  (*Id*. at p. 232.)

In his supplemental brief, appellant contends remand is required because the trial court misunderstood its sentencing authority pursuant to newly amended section 1385 whether to dismiss the section 12022.53, subdivision (d) enhancement.  The record is to the contrary.

In declining to dismiss the section 12022.53, subdivision (d) firearm enhancement, the trial court expressly stated: "And, again, I want the record to be abundantly clear that the court continues to acknowledge this discretion to stay, strike, and dismiss even gun use enhancements under these provisions but [is] electing not to do so given the gravity of the offense for which the defendant stands convicted, his pre-conviction history in terms of felonious conduct, and his postconviction history in terms of continuous felonious conduct. He doesn't earn that consideration to strike a gun use enhancement."  Given the trial court's unequivocal statements, we reject appellant's contention that the trial court misunderstood its "sentencing authority."

Appellant also contends the trial court's judgment imposing the "restitution fine" should be "vacated" because a "new statute requires that a criminal defendant's restitution fine becomes uncollectable 10 years after imposition."  (Bold and capitalization omitted.)  (Citing § 1465.9, subd. (d) ["Upon the expiration of 10 years after the date of imposition of *a restitution fine* pursuant to Section 1202.4, the balance, including any collection fees, shall be unenforceable and uncollectible and any portion of a judgment imposing those fines shall be vacated"], italics added.)

Appellant confuses the trial court's order of "victim restitution" with a "restitution fine."  (See *People v. Kopp* (2025)

4

19 Cal.5th 1, 16 ["A victim restitution order is neither a fine nor an ancillary cost. It is different from an order to pay a restitution *fine . . . .*"].) Because section 1465.9, subdivision (d) applies to a restitution *fine*, the $6,134.53 victim restitution order need not be vacated.

Lastly, appellant contends appellate counsel was "ineffective" because counsel could have raised the issues appellant raised in his supplemental brief. This contention fails because appellant has not identified any arguable issues that counsel should have raised on appeal.

*Disposition*

The judgment is affirmed.

<u>NOT TO BE PUBLISHED</u>.


YEGAN, Acting P. J.

We concur:


BALTODANO, J.


CODY, J.

Mike Camacho, Judge

Superior Court County of Los Angeles

_____

Sylvia W. Beckham, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Respondent.